IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DANIELLE DUNCAN, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | :     Civil Action No. 20-489-RGA |
| | : |
| MR. COOPER GROUP, INC., | : <br> : |
| Defendant. | : |

**MEMORANDUM ORDER**

    This is a qui tam case with two False Claims Act counts and an individual case with one False Claims Act retaliation count, a Family Medical Leave Act count, and three ADA counts. (D.I. 40). The individual claims were stayed pending arbitration. (D.I. 30). A motion to dismiss the two False Claims Act counts was filed. (D.I. 43 & 44). I noticed that the case had little connection to Delaware and a significant connection to Texas. (D.I. 45). I asked why I shouldn't transfer the case to one of the district courts in Texas, thinking based on the allegations that the appropriate district court would be the Northern District of Texas. (*Id.*). The parties responded that the case should be transferred to a district court in Texas, but they disagreed as to which one. (D.I. 47). I subsequently received submissions with Plaintiff proposing the Eastern District of Texas and Defendant proposing the Northern District of Texas. (D.I. 49, 51). I now decide that issue.

    Neither side disputes that I could properly transfer the case to either District. Plaintiff says that her preference for the Eastern District should be given significant weight. (D.I. 51 at 3). If Plaintiff had originally filed there, that would be true, but Plaintiff originally filed in

Delaware. Since Defendant did not file a motion to transfer, I doubt that I should give its choice—the Northern District—any particular weight either.

Based on the papers submitted, Plaintiff is a resident of the Northern District, Defendant has its corporate headquarters in the Northern District, and the False Claims allegations as well as the other employment allegations relate to work Plaintiff did in the Northern District. Witnesses may indeed be in both the Northern and Eastern Districts. The Districts border each other such that there is unlikely to be much inconvenience for witnesses if the case is in Dallas or either the Plano or Sherman courthouses in the Sherman Division of the Eastern District.

Plaintiff says, "[b]y any statistic," court congestion significantly weighs in favor of the Eastern District. (D.I. 51 at 4). I disagree. Two reasons.

For one thing, the statistics Plaintiff cites are unreliable. For example, according to the Federal Court Management Statistics, cited by Plaintiff (D.I. 51, Ex. 1), the Dec. 31, 2022, "statistic" for the Northern District for median time in months from filing to disposition for civil cases was a startling 55.1 months. Indeed, this is what is reported. In the same report, there is the same statistic for each of the five preceding years so that the reported six-year trend is 6.8, 7.0, 7.6, 13.7, 16.7, 55.1. The jump in 2020 makes sense; it is the first year of the COVID-19 pandemic. The 55.1, though, clearly makes no realistic sense. How can the median time jump in one year by more than three years?[1] Or, in the Delaware statistics that are also referred to, the number of "vacant judgeship months" is described as "0.0" for 2022. Yet, Judge Stark was sworn into the Court of Appeals in March 2022, and Judge Williams was sworn into this court in September 2022. The "vacant judgeship months" should be at least 5.0 for Delaware for 2022.

---

[1] If I had to guess, I would think the 55.1 is somehow connected to the resolution of about 4500 more than "3 Years Old" cases. The entries for "Number of Civil Cases Over 3 Years Old" averaged about 7,000 for the preceding five years, but they were reported as 433 for 2022.

The overall point is that summary statistics (even when mathematically accurate) are poor indicators of what is really going on.

For a second thing, the "weighted filings" per judgeship for 2022 were: (1) Delaware, 775; (2) the Eastern District of Texas, 663; and (3) the Northern District of Texas, 564. The rank order was the same in 2021. Or, for pending cases per judgeship, the statistics were: (1) Eastern District of Texas, 791; and (2) Delaware and Northern District of Texas, both 520. Or, for the median time to trial in months, the 2022 statistics were: (1) Delaware, 33.7; (2) Northern District of Texas, 23.6; and (3) Eastern District of Texas, 19.0. To me, all that these and similar numbers show is that you can pick whichever ones you want to suggest one court is more congested than another.

I am left with Plaintiff, Defendant, and most if not all the relevant activities being in the Northern District, not the Eastern District. That makes the Northern District a more convenient court for the litigation. I exercise my discretion to transfer the case to the Northern District.

IT IS HEREBY ORDERED this 1st day of May 2023, that the above-captioned case is TRANSFERRED to the United States District Court for the Northern District of Texas, Dallas Division.

United States District Judge