### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DANIELLE DUNCAN,<br><br>        Plaintiffs,<br><br>v.<br><br>MR. COOPER GROUP INC.,<br><br>        Defendant. | C.A. No. 3:23-cv-01113-E |

### JOINT STATUS REPORT

1. State when and how the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party.

    Counsel initially met in person on March 21, 2023, at Schilling Law offices in New York, New York. Sam Buffone and Michael DeJesus were present for Plaintiff-Relator Danielle Duncan. Andrew Schilling and Brian Wegrzyn were present for Defendant Mr. Cooper Group Inc. (Mr. Cooper).

    Counsel conferred telephonically on April 1, 2024. Counsel subsequently met again on May 8, 2024 via Zoom. Sam Buffone and Michael DeJesus were present for Plaintiff-Relator Danielle Duncan. Andrew Schilling and Brian Wegrzyn were present for Mr. Cooper.

2. List the cases related to this one that are pending in any state or federal court—including the case number and court—and state how the cases are related.

    None.

3. Briefly describe what this case is about—including a statement of the claims and defenses.

    This is a False Claims Act case under 31 U.S.C. § 3729. The Complaint alleges that Defendant Mr. Cooper engaged in a scheme to defraud the United States by submitting or causing the submission of false claims to the United States Department of Housing and Urban Development through inflated claims for Home Equity Conversion Mortgages (HECM), otherwise known as reverse mortgages, from the improper servicing of the mortgages, and acted knowingly through, among other practices, failing to invest in the necessary staff and resources and ignoring the problems uncovered during quality control. The United States declined to intervene, and the Relator is pursuing the claims on the United States' behalf. The Complaint also alleges retaliation and disability discrimination claims that are stayed pending binding arbitration. The parties have settled the retaliation and disability discrimination claims and intend to dismiss this portion of the Complaint shortly.

Mr. Cooper will argue that Plaintiff's Complaint alleges nothing more than occasional mistakes by Mr. Cooper employees, which the Company identified and corrected. Mr. Cooper will also argue that Plaintiff's claims are barred by the FCA's public disclosure bar and that the FCA is unconstitutional to the extent that it allows relators to litigate cases on behalf of the Executive.

The case was originally filed under seal in April 2020 in the District of Delaware. In June 2022, after the government declined to intervene, the amended complaint was unsealed. In November 2022, Defendant filed a motion to dismiss. In response, Plaintiff filed her second amended complaint in January 2023 with Defendant's consent. In March 2023, Defendant moved to dismiss the second amended complaint. While the motion was pending, the Court transferred the case to this District on the Court's own inquiry. *See* Memorandum Order, dkt. 52. Defendant withdraw its pending motion to dismiss without prejudice in order to refile the motion under Fifth Circuit caselaw. *See* Stipulation and [Proposed] Order, dkt. 48.

The Court denied Defendant's Motion to Dismiss on March 14, 2024. *See* Order, dkt. 78. The Court subsequently entered a status report order on April 19, 2024, *see* Status Report Order, dkt. 84, and the parties file this Joint Status Report in response. The Court denied entry of the Agreed Protective Order on May 9, 2024. *See* dkt. 87. The parties intend to cure the deficiencies identified by the Court and file a Renewed Joint Motion for Protective Order shortly.

4. Identify a proposed time limit to file motions for leave to join other parties.

Plaintiff proposes 30 days after Defendant makes its production of documents in response to her First Requests for Production of Documents. Defendants have committed to making this production of documents after the entry of the parties' Protective Order. The parties intend to cure the deficiencies identified by the Court and file a Renewed Joint Motion for Protective Order shortly.

Defendant does not believe, based on Plaintiff's allegations, that there are any additional parties relevant to her claims.

5. Identify a proposed time limit to amend the pleadings.

Plaintiff proposes 30 days after Defendant makes its production of documents in response to her First Requests for Production of Documents. Defendants have committed to making this production of documents after the entry of the parties' Protective Order. The parties intend to cure the deficiencies identified by the Court and file a Renewed Joint Motion for Protective Order shortly.

Defendant does not believe that Plaintiff should be granted further leave to amend, as she has already amended her complaint twice.

6. Identify proposed time limits to file various types of motions, including dispositive motions (NOTE: The dispositive motion deadline cannot be less than 90 days before trial; the Court prefers the deadline to occur 120 days before trial).

The parties propose the deadline for dispositive motions be October 17, 2025.

7. Specify the allegation of federal jurisdiction.

The Complaint alleges violations of the False Claims Act which confers subject matter jurisdiction pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. § 1331.

8.  Identify the parties who disagree and the reasons.

    None.

9.  Identify any issues as to service of process, personal jurisdiction, or venue.

    None.

10. List anticipated additional parties that should be included and when they can be added, and identify any class or collective-action certification issues.

    None at this time.

11. State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.

    The parties made initial disclosures on July 26, 2023.

12. If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.

    No.

13. Describe the proposed discovery plan, including:

A.  A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.

    The parties initially agreed to a phased discovery plan that permits limited discovery pending the Court's decision on Defendant's motion to dismiss.  Because Defendants' Motion to Dismiss has been denied, the parties consider themselves to be in full discovery. The parties will begin substantial production of documents upon entry of the Parties' Joint Protective Order. The Parties intend to cure the deficiencies identified by the Court and file a Renewed Joint Motion for Protective Order shortly.

The parties anticipate (i) the substantial completion of document discovery by February 7, 2025; (ii) the completion of factual discovery in one year by May 9, 2025; (iii) the completion of expert discovery by September 5, 2025.  As discussed below, the parties believe that this is an appropriate amount of time for the completion of discovery given the parties' intention to seek discovery from federal agencies, such as HUD, which could entail a lengthy process. Additionally, this proposed discovery period builds in time for the parties to engage in early settlement discussions, which will require the review complex data and loan files.

Plaintiff anticipates discovery related to Mr. Cooper's HECM servicing practices, including its policies and procedures, quality control, training, claims submission, cash management, loss draft funds, the actual practices of Mr. Cooper, a review of specific servicing

files, and Mr. Cooper's decision to become the primary servicer for its HECM portfolio, purchase HECM servicing rights from Wells Fargo, and ultimate decision to sell its HECM servicing portfolio. Plaintiff also anticipates it may need limited discovery from HUD.

Defendant anticipates seeking discovery from Plaintiff related to the factual basis for her allegations against Mr. Cooper.  Defendant also anticipates seeking discovery from HUD including its knowledge of servicers' practices in relation to the conduct alleged against Mr. Cooper, as well as its disciplinary practices related to such conduct by servicers.

The parties note that discovery from federal agencies, including HUD, must be requested according to specified procedures and it therefore may take additional time to obtain.

B. Responses to the matters raised in Rule 26(f), including any agreements reached concerning electronic and other discovery and any disputed issues relating to electronic and other discovery.

The parties agreed to enter into a Rule 502(d) order. The parties also agreed to enter into a protocol for the production of ESI. With respect to depositions, the parties agree that the noticing party may notice a deposition to be taken by videoconferencing technology.

The parties also agreed to jointly issue subpoenas for documents and testimony to anyone who is not a party to the lawsuit (a third-party) in order to alleviate the burden of discovery. When a party identifies a third party from whom it intends to take discovery, the party seeking discovery will provide a draft subpoena to the other party, who will have seven (7) days to add any additional requests which shall be included in the subpoena. The parties will also attempt to raise any issues on the scope of discovery sought during this period, but reserve their right to seek any relief thereafter: there shall be no waiver of either party's ability to move for a protective order or to quash with respect to a jointly-issued third party subpoena. The parties also agree to jointly work with the third party on any issues of burden or scope. The parties may unilaterally seek discovery of a third party should good cause exist, such as compliance with a discovery deadline. This agreement does not require any party to join a third-party subpoena, including but not limited to because a party is not seeking discovery from a particular third-party.

C. When and to whom the plaintiff anticipates it may send interrogatories and requests for production.

Plaintiff intends to primarily seek discovery from Defendant Mr. Cooper. Plaintiff issued her first request for production on June 8, 2023.

D. When and to whom the defendant anticipates it may send interrogatories and requests for production.

Defendant anticipates seeking discovery from Plaintiff and HUD. Defendant served its first document requests on Plaintiff by July 7, 2023.

E. Of whom and by when the plaintiff anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.

Plaintiff is awaiting Defendant's production of documents before determining whom she intends to depose. Plaintiff initially intends to depose the individuals listed in the Complaint but may narrow and expand that list based on discovery.

-4-

F.  Of whom and by when the defendant anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.

Defendant intends to depose Plaintiff and will identify any additional witnesses after it receives Plaintiff's discovery.

G.  Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.

Plaintiff has raised with Defendant its position that many of the Affirmative Defenses are legally insufficient or inapplicable. The Parties are discussing how to address the Plaintiff's position and whether the Plaintiff will request the Court's early resolution of the issues.

H.  Any experts needed on issues other than attorneys' fees.

Plaintiff believes an expert is needed on the issue of servicing HECM loans and HUD's requirements for servicing HECM loans. Plaintiff requires discovery to determine if other experts are needed.

Defendant will engage an expert to opine on all issues discussed by Plaintiff's experts.

I.  If medical experts are needed, whether they are only treating physicians or also designated on other issues.

Not applicable.

J.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and to provide their reports.

Plaintiff will be able to designate experts and provide reports by June 6, 2025. Defendant will be able to designate responsive experts by July 3, 2025. Plaintiff's experts will then issue reply or amended reports if necessary, by August 6, 2025.

K.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. *See* Fed. R. Civ. P. 26(a)(2)(B) (enumerating rules on disclosure of expert testimony and the corresponding written report(s)).

The parties anticipate taking expert depositions within 30 days after any reply or amended expert reports.

L.  List expert depositions the opposing party anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom.

The parties anticipate taking expert depositions within 30 days after any reply or amended expert reports.

M.  In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.

Not applicable.

N. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;

None at this time. The parties will follow up with the Court as needed.

O. Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI;

The parties agreed to draft an ESI protocol to govern the exchange of ESI.

P. The depositions that need to be taken, and in what sequence;

The parties believe more discovery is needed before narrowing the necessary deponents.

Q. Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a court order;

Defendant requested a 502(d) order and is drafting a proposed order.

14. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

Defendant does not believe that Plaintiff should be granted further leave to amend the pleadings, as she has already amended her complaint twice.  Defendant further believes that Plaintiff should not have the ability to add additional parties.  Accordingly, Defendant would remove the deadlines for those events from the proposed discovery plan.

Plaintiff does not expect to amend her complaint or join additional parties. However, Plaintiff should have the opportunity to amend after receiving and reviewing Mr. Cooper's initial discovery productions in this case.

15. Specify the discovery beyond initial disclosures that has been undertaken to date.

Plaintiff issued discovery requests on June 8, 2023 and Defendant issued initial discovery requests on July 7, 2023. Both Plaintiff and Defendant have provided written responses to the respective discovery requests. The parties have not made productions. The parties will make productions pursuant to a Joint Protective Order, and intend to shortly file a Renewed Joint Motion for Protective Order to the Court.

16. State the date the planned discovery can reasonably be completed.

The parties believe that fact discovery can be completed within 12 months, or by May 9, 2025, and that expert discovery can be completed by September 5, 2025.

17. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.

The parties believe that they require some document discovery in order to properly value the case and form a basis for settlement negotiations. Defendant has committed to making an initial production after entry of a Protective Order, and the parties both commit to having an initial settlement discussion within 60 days after Defendant's substantially complete their productions in response to Plaintiff's First Request for the Production of Documents. The parties intend to file a Renewed Joint Motion for Protective Order shortly to address the deficiencies noted by the Court in its recent Order, *see* dkt. 87. The parties intend to hold those initial discussions without the help of a mediator and will utilize a mediator if they determine it would help those discussions. The parties discussed that they may need to substantially complete discovery before settlement is possible and therefore suggest the mediation deadline should be at the end of discovery rather than at the start but will not have that deadline effect their intention to promptly discuss settlement at the start of discovery.

18. From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case. Include (i) whether the parties are considering mediation or arbitration to resolve this litigation; (ii) a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.); and (iii) if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case;

Given the United States is the real party in interest, arbitration is not available in this case. As stated above, the parties have committed to engaging in settlement discussions at the start of discovery. To the extent that the parties are not able to have fruitful settlement discussions then, the parties agree to consider entering into a formal mediation after engaging in factual discovery.

19. State whether the parties will consent to trial (jury or non-jury) before a U.S. Magistrate Judge;

The parties do not consent.

20. State whether a jury demand has been made and if it was made on time.

The Plaintiff timely demanded a jury trial.

21. State a proposed trial date, estimated number of days required for trial and whether jury has been demanded—specify the number of hours it will likely take to present the evidence.

The parties believe that they will better be able to estimate the length of trial after engaging in discovery but believe trial will need to be in a range of two to five weeks. However, the parties intend to revisit this initial estimate after engaging in discovery.

22. Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

The parties do not have any objections and do not propose any modifications at this time.

23. List pending motions that may be ruled on at the initial pretrial and scheduling conference.

    None.

24. List other pending motions.

    None.

25. List the names, bar numbers, addresses, telephone numbers, and emails of all counsel and unrepresented parties.

**<u>Counsel for Plaintiff-Relator</u>**

Buffone Law Group PLLC

Sam Buffone
D.C. Bar No. 1721688, California Bar No. 280896
202-997-8562
sam@buffonelawgroup.com
Michael DeJesus
D.C. Bar No. 90004849
908-655-7789
michael@buffonelawgroup.com
4301 Connecticut Ave. NW, Ste. 310
Washington, D.C. 20008


Sarah Q. Wirskye
TX Bar No. 24007885
Phone: 972-725-7941
Wirskye Law Firm
Sarah Q. Wirskye PC
5220 Spring Valley Road, Suite 200
Dallas, TX 75254


The Employment Law Group, PC
R. Scott Oswald, VSB 41770
202-261-2806
Soswald@employmentlawgroup.com
Janel Quinn, VSB 89503
202-261-2813
Jquinn@employmentlawgroup.com
1717 K St. NW
Suite 1110
Washington, DC 20006

**Counsel for Defendant**
Andrew W. Schilling
Schilling Law LLC
NY Bar No. 2527265
1345 Avenue of the Americas, 2d Floor
New York, NY 10105
aschilling@schillinglaw.com

Brian J. Wegrzyn
Orrick, Herrington & Sutcliffe LLP
NY Bar No. 4811550
51 W. 52nd St.
New York, NY 10019
(212) 600-2395
bwegrzyn@orrick.com

Locke Lord LLP
Thomas G. Yoxall
TX Bar No. 00785304
(214) 740-8683
tyoxall@lockelord.com
Matthew K. Hansen
TX Bar No. 24065368
(214) 740-8496
mkhansen@lockelord.com
2200 Ross Avenue, Suite 2800
Dallas, TX 75201

26. List any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;

The parties anticipate shortly filing a Renewed Motion for Protective Order to cure the deficiencies identified in their Agreed Protective Order. *See* dkt. 87.

27. List whether a conference with the Court is desired; and

The Parties do not believe a conference with the Court is necessary unless the Court so requests.

28. List any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under Federal Rules of Civil Procedure 16(b), 16(c) or 26(c).

None at this time.

| Event | Parties' Proposed Deadline |
|---|---|
| Deadline for Joint Report naming mediator | May 19, 2025 |

| | |
|---|---|
| Deadline for Completion of Mediation | July 3, 2025 |
| Deadline for Motions for Leave to Join Parties or Amend Pleadings | Plaintiff: 30 days after Defendant's production of documents in response to her First Requests for Production of Documents<br><br>Defendant: N/A |
| Substantial Completion of Document Discovery | February 7, 2025 |
| Completion of Fact Discovery | May 9, 2025 |
| Plaintiff's Expert Designation & Report | June 6, 2025 |
| Defendant's Expert Designation & Report | July 3, 2025 |
| Rebuttal Expert Designation | August 6, 2025 |
| Deadline for Completion of Discovery | September 5, 2025 |
| Deadline for Expert Objections | October 17, 2025 |
| Deadline for Dispositive Motions | October 17, 2025 |
| Deadline for Pretrial Disclosures and Objections | 30 days after decision on dispositive motions |
| Deadline for Pretrial Materials (pretrial order etc.) | 30 days after decision on dispositive motions |
| Settlement Conference | 45 days after decision on dispositive motions |
| Exchange of Exhibits | 60 days after decision on dispositive motions |
| Pretrial Conference | |
| Trial Date | |

Dated: May 10, 2024

Respectfully submitted:

Signed: _____*/s/Brian  J. Wegrzyn*_____     Signed: _____*/s/ Michael DeJesus*_____
Andrew W. Schilling                                          Samuel J. Buffone, Jr.
Schilling Law LLC                                             Michael DeJesus
NY Bar No. 2527265                                         Buffone Law Group PLLC

1345 Avenue of the Americas, 2d Floor
New York, NY 10105
aschilling@schillinglaw.com

Brian J. Wegrzyn
Orrick, Herrington & Sutcliffe LLP
NY Bar No. 4811550
51 W. 52nd St.
New York, NY 10019
(212) 600-2395
bwegrzyn@orrick.com

Locke Lord LLP
Thomas G. Yoxall
TX Bar No. 00785304
(214) 740-8683
tyoxall@lockelord.com
Matthew K. Hansen
TX Bar No. 24065368
(214) 740-8496
mkhansen@lockelord.com
2200 Ross Avenue, Suite 2800

**Attorneys for Defendant Mr. Cooper Group Inc.**

4301 Connecticut Ave NW, Ste. 310
Washington, D.C. 2008
(202) 997-8562
sam@buffonelawgroup.com
michael@buffonelawgroup.com

Sarah Q. Wirskye
TX Bar No. 24007885
Phone: 972-725-7941
Wirskye Law Firm
Sarah Q. Wirskye PC
5220 Spring Valley Road, Suite 200
Dallas, TX 75254

The Employment Law Group, PC
R. Scott Oswald, VSB 41770
202-261-2806
Soswald@employmentlawgroup.com
Janel Quinn, VSB 89503
202-261-2813
Jquinn@employmentlawgroup.com
1717 K St. NW
Suite 1110
Washington, DC 20006

**Attorneys for Plaintiff-Relator Danielle Duncan**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the indicated date, the undersigned filed and served the foregoing document, using the Court's CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

Dated May 10, 2024                              Respectfully Submitted,

*/s/ Michael DeJesus*
Michael DeJesus
D.C. Bar No. 90004849
202-670-8249
michael@buffonelawgroup.com
4301 Connecticut Ave NW, Ste 310,
Washington, D.C. 20005

## <u>CERTIFICATE OF CONFERRAL</u>

The undersigned hereby certifies that the Parties previously conferred on May 9-10, 2024

agreeing to jointly file this Status Report.

Dated: May 10, 2024

Respectfully submitted:

Signed: _____*/s/Brian J. Wegrzyn*_____     Signed: _____*/s/ Michael DeJesus*_____
Andrew W. Schilling                         Samuel J. Buffone, Jr.
Schilling Law LLC                           Michael DeJesus
NY Bar No. 2527265                          Buffone Law Group PLLC
1345 Avenue of the Americas, 2d Floor       4301 Connecticut Ave NW, Ste. 310
New York, NY 10105                          Washington, D.C. 2008
aschilling@schillinglaw.com                 (202) 997-8562
                                            sam@buffonelawgroup.com
Brian J. Wegrzyn                            michael@buffonelawgroup.com
Orrick, Herrington & Sutcliffe LLP
NY Bar No. 4811550                          Sarah Q. Wirskye
51 W. 52nd St.                              TX Bar No. 24007885
New York, NY 10019                          Phone: 972-725-7941
(212) 600-2395                              Wirskye Law Firm
bwegrzyn@orrick.com                         Sarah Q. Wirskye PC
                                            5220 Spring Valley Road, Suite 200
Locke Lord LLP                              Dallas, TX 75254
Thomas G. Yoxall
TX Bar No. 00785304                         The Employment Law Group, PC
(214) 740-8683                              R. Scott Oswald, VSB 41770
tyoxall@lockelord.com                       202-261-2806
Matthew K. Hansen                           Soswald@employmentlawgroup.com
TX Bar No. 24065368                         Janel Quinn, VSB 89503
(214) 740-8496                              202-261-2813
mkhansen@lockelord.com                      Jquinn@employmentlawgroup.com
2200 Ross Avenue, Suite 2800                1717 K St. NW
                                            Suite 1110
**Attorneys for Defendant Mr. Cooper Group**   Washington, DC 20006
**Inc.**

                                            **Attorneys for Plaintiff-Relator Danielle**
                                            **Duncan**